May it please the Court. This case turns on whether the limitation prepared data necessary for the application to function as designed in the mobile device requires the server that prepares that data to actually take active steps to do so instead of simply forwarding it to another device. It does require that. The cook prepares the meal and the waiter delivers it. Those are two separate entities. If the board below allowed, excuse me, interpreted this term as allowing simple passive forwarding by WCM to meet this limitation, as the board said, we find it sufficient that the WCM receives the file and forwards it to the user device. That's simply not the plain meaning of the word prepare which requires something to happen. The data is unprepared and then after the server performs its action, you have two embodiments in your specification, right? Yes. And would it be fair to say that those embodiments are non-limiting? It would. OK. So we can't restrict the claim term to just those two embodiments. And one of the two embodiments is generating the keys. OK. But then another embodiment is the server merely requesting the keys. And so, I mean, whatever the default understanding of preparing means, requesting and then receiving the keys doesn't really sound like the server itself is doing any active work in creating the keys. In that embodiment, the server, those keys do not exist until the server actually requests them. It causes them to be calculated on a different server and then they are provided to the server of the 019 patent.  But the server is not actually doing any work to create the keys itself, right? And the server is actively requesting that those keys be calculated. It's not the same computer doing the calculation. But I believe that is an active step the server is taking. So what if we conclude that the patent doesn't limit and confine and define the term preparing data? And so now we're just left with some basic default understanding of the term. And then it becomes just a substantial evidence question of whether the dual reference and its server, in fact, teaches this limitation. So why was it unreasonable for the board to reach that finding when DUA itself talks about creating payloads that the WCM server is going to transmit to the mobile device? And the content of that payload is going to include the keys. It's also going to include authentication data, among other kinds of data, and putting them all into a payload for transmission. That sounds like it tracks your understanding of preparing data, doesn't it? I don't think it does. The data is prepared by the issuer cardholder server. And it's the data that's necessary for the application of function as designed on the mobile device. It's not any data. It has to be that specific data. And that is explicitly prepared on the ICS. The WCM doesn't have access to the actual data as it is into the secret data to authenticate transactions. The claim just says preparing data, and it doesn't talk about any particularized type of data. So why can't preparing data be just consolidating different sets of data together into a payload be the same thing as preparing data? Because I don't believe that data is being prepared when it's consolidated. It's merely just being packaged. The data was created, generated, by the ICS before the WCM does anything. The WCM passively receives a message, a request from the ICS that includes that data. You understand, though, that this is a fact-finding that we have to give deference to the patent board. This is not something we just review on a clean slate. I do understand that. If the court is not inclined to consider this a claim construction issue as the director suggested it was, then yes, this has to be a review of the fact-finding for substantial evidence. And I believe there is no substantial evidence because, again, the WCM is merely forwarding that data. It's not preparing it. Well, it's doing at least basic formatting and editing, correct? The only formatting it is allowed to do is formatting on the phone number. And the phone number is not data that is necessary for the application of function as designed in the mobile device. It was not argued to the board below. There's no evidence in the record that it is. What the phone number is how the WCM actually addresses the mobile device. And if you look at a... Without an accurate phone number, though, then the system wouldn't work as intended. Is that right? The application... Without an accurate phone number, the WCM can't transmit any data to a mobile device. That is correct. But that data... The mobile device doesn't need that data to function as designed. It needs the credentials. It needs the keys. It needs the data that was prepared by the ICS. I guess that, then, leads to the question of what is function as designed. It could encompass any data that could actually make the system function. Well, the only data that was identified as function as designed was the credentials and keys that are generated by the ICS. That's what was before the board. That's what's before the court today. But what if we conclude the board made this alternate fact-finding about the data formatting? Well, I don't believe the board did provide that fact-finding. If it did, it did not explain how the phone number is data necessary for the device to function. And then I believe the court would still need to vacate and revamp for the board to at least explain that reasoning so that we can address it properly and have further appeal if necessary. So your argument is that any activity that the WCM engages in is not preparing data? The activities that the WCM is described as performing do not prepare that data, that's correct. The validation process, none of that is preparing data? That's correct. The validation is done on the phone number, which, as I explained a moment ago, is used under the SIP protocol to actually forward the data to the mobile device. Anything further? Let me check for a moment if you don't mind. I think the director elucidated part of the claim construction issue pretty well. The director's brief says the plain language of the claim merely requires the circuit to facilitate the application to function as designed. And that's how the board read the claim. But that reads out prepare data entirely out of the claim. Prepare data has to mean something, it has to be given some sort of form. And both the director and the board agree WCM is a server that delivers electronic credentials from an issue to the electronic device. It doesn't prepare them, it doesn't generate them, it doesn't even request them. Unless the court has anything further, I'll reserve the rest of my time. Good morning. May it please the court. I think this case can be resolved just by looking at paragraphs 62 and 63 in DUA, which is on appendix page 997. In paragraph 62, it addresses the issue of whether the data is necessary for the application to function as intended. Because it says that in order for an issuer to send confidential information to an approved user's wireless device, the WCM must first validate that the phone number is a syntactically correct E164 number. So that makes clear that if the number is not formatted correctly, confidential data cannot pass from the issuer to the mobile device. And so it's your position that that satisfies the definition of prepared? It satisfies the claim limitation necessary for the application to function as desired. And then if you look at paragraph 63, it talks about how the WCM can perform formatting on the phone number to make sure that it's in the correct E164 format. And so regardless of whether merely passing data on constitutes preparing, we have an example in the prior art where the server is taking an active role in formatting the data so that the application can function as desired. And I think that's sufficient regardless of the claim construction dispute. That's sufficient to support the board's decision. So you use the word active and your friend used the word active, so you're conceding that active is a necessary definitional? I mean, I still think that their proposed definition is unnecessarily narrow and is clearly pulling from the two embodiments in the specification, which opposing counsel acknowledged were not limiting. But I think that under any construction out there that this example meets the claim limitation. And so, I mean, the court doesn't even need to address whether merely passing data from one place to the next meets the claim limitation because we have this example of the server having an active role in editing the data. And that in itself is sufficient. The board pointed to that example in their decision on appendix pages 33 and 34. The board also cited to, I think with approval, the passage in DUA and the Apple expert declaration, the part about how DUA packages different content like the authentication data and encryption keys into a payload for the WCM server to transmit that payload to the mobile device. Yes, and so I think that that is also... I didn't see you discuss the payload name in your brief. No, because I think that the board, while it's citing the expert declaration, it says on appendix page 33, we find sufficient that DUA discloses that the WCM receives the file and forwards it to the user device. So the board was not discussing payloads. It cited the paragraphs, though. It did. That is correct. And so... You're saying it didn't rely on the payload idea? Are you saying I can't use it? No, I think it can be used. I think it's clear that the board relied on the formatting of the phone number example to show how the WCM takes an active role in preparing the data. I mean, I haven't heard anything that... If we put DUA to the side and just ask ourselves, what does preparing data mean? What does the PTO think preparing data means? I think preparing is kind of a broad word. I think it has to be something that's not as narrow as generating or modifying or creating. Is transmitting too broad? No, I don't think transmitting is too broad in this case. I think that the information has to pass to the... I mean, the key point here is that the information needs to reside on the mobile device for the mobile device to be able to communicate with the issuer. And so this is all happening through this server. And so if the server is transmitting the information onto the mobile device such that the mobile device can then communicate with the issuer, I think that's sufficient for preparing. And I think that that's... Had they wanted something more specific like generating, modifying, creating, I mean, all those words are out there to show more of an active step of creation than preparing. Are there no further questions? Thank you. I'd like to start with the last point that you just made, Judge Crost, about transmitting. That is too broad. As we say in our briefs, if merely transmitting is preparing, then any server where the data passes through is preparing the data. As the O09 patent discusses, there are servers in the chain of any computer communication. If every single server in that chain is transmitting, which they are, if that is equal to preparing the data, then the term really doesn't have any meaning. It's not a limitation anymore. Now, counsel mentioned the two embodiments that we did cite, and I agree, they're not limiting. What they do is they inform a person of skill in the art that the server is doing something. It has to actively do something. And that's a major difference between the O09 patent and DOA. DOA has the WCM as sort of a hub where all the data from every issuer goes to the WCM first. The problem we have here is this term preparing is very vague, and it's not a term of art in telecommunications or data transfer. So it's a very peculiar word to be using in this patent claim. And I can just hear it that you're struggling to try to locate a coherent understanding of this term by saying it's got to do something. And it's very hard to understand what is the scope or the limit of what the something can be or has to be. I think I would disagree with that a little bit. The reason I'm saying it has to be an active step is I'm trying to set the furthest boundary you can. This wasn't formally construed below, so we have to think about what does it mean. It means doing at least something, which the WCM does not do. What does preparing mean? It means taking data and transforming it from an unprepared state to a prepared state so it's ready for use. Now, that wasn't briefed below, so I don't think we can use that today, but that's the plain meaning of preparing. And I think, as I said, I think the person reading the 009 patent would understand that the server is doing something to make that data ready for use. And finally, I want to address the points on paragraph 62 and 63 of DOA. I think we're all agree the WCM can format the phone number. There's no doubt of that. But as the subsequent paragraphs state, it uses that and validates that to make the connection. The application itself is not described as using its own phone number in order to function as designed. So unless the court has any further questions. Thank you. We thank both sides and the cases.